# Ⓢ Stamboulieh Law, PLLC

P.O. Box 4008, Madison, MS 39130 | (601) 852-3440 | stephen@sdslaw.us

May 22, 2016

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

> **Re:** JAY AUBREY ISAAC HOLLIS v. LORETTA E. LYNCH, et al.; No. 15-10803; Response to Appellees' Rule 28(j) Letter

Dear Mr. Cayce:

Mr. Hollis submits his response to Appellees' Rule 28(j) letter filed on May 19, 2016[1] addressing the Third Circuit's decision in *U.S. v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 14-CV-06569, 2016 WL 2893670, (3d Cir. May 18, 2016). The Third Circuit did not find the *Palmetto* plaintiff lacked standing and defendant conceded standing since the appeal was pursued not against the National Firearm Act dismissal, but the Gun Control Act's prohibition on post-1986 machineguns which is identical here. *Id.* at fn. 2.

The Third Circuit did not refer to the latest United States Supreme Court case, *Jaime Caetano v. Massachusetts* 577 U. S. _____ (2016) (per curiam), the subject of a prior Rule 28(j) letter in this case, along with questioning from this panel regarding the conjunctive nature of "dangerous *and* unusual" because for a firearm to be banned, it requires both characteristics. Additionally, the Third Circuit failed to address the issue beyond step one of the now familiar two-step Second Amendment analytical framework. Under *Heller*'s pronouncement that "…the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding,"[2] it should at a minimum require an analysis under appropriate heightened scrutiny due to the M-16 being a bearable arm that is further not "unusual" in light of *Caetano*. Third, the Third Circuit distilled *Heller*'s

---

[1] Coincidentally, thirty years after the ban on machineguns took effect.

[2] *D.C. v. Heller*, 554 U.S. 570, 582 (2008)

central holding to the protection of "… the right of law-abiding citizens to possess non-dangerous weapons for self-defense in the home…" *Id.* at *5.

Additionally, the citations to the two Fifth Circuit cases are pre-*Heller*; are both criminal cases and neither directly deal with a Second Amendment challenge to 922(o). Unfortunately, the Third Circuit did not do its own historical analysis of "dangerous and unusual" from *Heller*'s cited cases as-briefed, relying instead on other circuits' statements.

Yours very truly,

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

cc: All counsel of record (by the Court's electronic filing system)